IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL H. LAMBERTI,

Plaintiff,

vs. Case No. 8:16-cv-02103-JDW-TGW

CYCLOPS TECHNOLOGIES, INC.,
a Florida corporation, d/b/a
PLATESMART TECHNOLOGIES,

Defendant.
_______________________________________/

**DEFENDANT'S AMENDED COUNTERCLAIM**

Defendant, CYCLOPS TECHNOLOGIES, INC. d/b/a PLATESMART TECHNOLOGIES ("PlateSmart"), by and through its undersigned counsel, files its Amended Counterclaim against Plaintiff, CARL H. LAMBERTI ("Lamberti"), and alleges the following:

**GENERAL ALLEGATIONS**

1. Lamberti is a citizen and a resident of Virginia.

2. Lamberti along with others attempted to complete a takeover of PlateSmart by engaging in a series of improper actions in direct violation of his covenants and obligations in his employment agreement with PlateSmart. After due investigation by PlateSmart's board of directors, PlateSmart terminated Lamberti's employment agreement with cause.

3. Lamberti made a number of misrepresentations and other false statements with the intent to induce PlateSmart to enter into an employment agreement with him, and such misrepresentations include:

a) Lamberti had investors that would invest $5,000,000 in PlateSmart.

b) Lamberti had substantial experience in raising investment capital and that based on his reputation and expertise, he would be able to raise additional investment capital for PlateSmart. Lamberti represented that he had previously held licenses required for selling securities but that he had sold his business. He represented that he did not need to hold any license to solicit investments in PlateSmart if PlateSmart employed him. Lamberti knew his representations were false and incomplete. Lamberti did not have investors ready to invest $5,000,000 in PlateSmart, and he failed to disclose that he was a defendant in a claim which the plaintiffs claimed he knowingly solicited investments in a Ponzi scheme. He also failed to disclose that he had been associated with a series of broken dealers that had a myriad of regulatory violations and customer claims. These violations and claims were persistent and caused the regulatory agencies to censure or ban some of those companies. Each of the companies terminated their registrations to sell or market securities before Lamberti approached PlateSmart about soliciting investors for PlateSmart.

c) Lamberti did not need to have a broker's license in order to perform his duties as a consultant and later an employee of PlateSmart, which he knew to be false.

4. As result of his material misrepresentations and omissions, PlateSmart employed Lamberti. A copy of the employment agreement is attached as **Exhibit A**. If Lamberti had told the truth and fully disclosed his background, PlateSmart would not have employed him or allowed him to raise capital for PlateSmart.

5. While employed by PlateSmart, Lamberti engaged in the following conduct:

a) Lamberti convinced PlateSmart to add Greg Brandeau to PlateSmart's board of directors. Lamberti represented that Brandeau could raise additional capital for PlateSmart. Lamberti, however, knew that Brandeau did not raise capital for companies such as PlateSmart. In truth, Lamberti wanted Brandeau on PlateSmart's board because he knew that Lamberti was his friend and would support Lamberti's plan to seize management control of PlateSmart.

b) Lamberti did solicit certain investors who eventually invested in PlateSmart. Lamberti, however, did not raise and did not have investors who would invest $5,000,000 in PlateSmart as he represented. Lamberti did borrow money from at least one investor in connection with the solicitation of an investment in PlateSmart. He has not repaid that investor. He convinced the investor that he might not be able to invest in PlateSmart if he did not lend money to Lamberti.

c) Lamberti also demanded undisclosed finder's fees from investors that may have caused some not to invest.

d) Lamberti used confidential company information at the expense of PlateSmart for his own benefit in an effort to obtain finder's fees and to seize management control of PlateSmart.

e) Lamberti did not have the proper regulatory licenses to sell securities.

f) Lamberti made false, libelous, and slanderous statements regarding PlateSmart and its officers to shareholders and its officers as part of his scheme to take over management of PlateSmart using unlawful means.

Lamberti wanted PlateSmart to go public through an initial public offering, reverse merger, or other vehicle. Existing management disagreed with his plan. Lamberti believed he held stock options in his employment agreement that would be valuable if he took the company public. To complete his plan, he needed to seize management control of PlateSmart. To seize control, he began telling investors that:

- Current chief executive officer did not know what he was doing and, in words or substance, was incompetent;
- That he had votes lined up to remove management;
- That he had investment bankers lined up that were ready to take PlateSmart public; and
- That, in words or substance, PlateSmart's financial records contained a ticking time bomb.

6. When PlateSmart's management became aware of these bad acts, PlateSmart terminated Lamberti and after due investigation ratified his termination for cause. A copy of correspondence communicating this ratification is attached as **Exhibit B**.

7. All of the conditions precedent to these counterclaims have occurred or have been waived.

**COUNT I: BREACH OF CONTRACT**

8. PlateSmart re-alleges paragraphs 1 through 2, and paragraphs 4 through 7, as if set forth herein.

9. This is an action by PlateSmart against Lamberti for breach of contract.

10. PlateSmart and Lamberti entered into the employment agreement attached as Exhibit A.

11. Within that agreement, Lamberti agreed to maintain the confidentiality of confidential company information and to not use such information for his benefit.

12. Lamberti did not maintain the confidentiality of confidential company information and attempted to use such information for his benefit.

13. Within the employment agreement, Lamberti agreed not to disparage PlateSmart or its officers.

14. Lamberti disparaged PlateSmart and its officers through numerous fallacious statements made.

15. Such actions are breaches of the employment agreement and supporting termination for cause as determined by the board of directors.

16. As a result and after due investigation, the board of directors terminated Lamberti for cause as more fully explained in Exhibit B.

17. As a result of Lamberti's breaches of the employment agreement, PlateSmart has been damaged.

WHEREFORE, PlateSmart respectfully requests that this Court enter a judgment for damages against Lamberti; grant PlateSmart fees, costs, and interest; and provide for any other relief this Court deems just.

**COUNT II: FRAUDULENT INDUCEMENT**

18. PlateSmart re-alleges paragraphs 1, 5, and 7 as if set forth herein.

19. This is an action by PlateSmart against Lamberti for fraudulent inducement.

20. Lamberti made the false statements as described more fully above.

21. Such statements were false statements of material fact.

22. Lamberti knew or should have known that such representations were false.

23. Lamberti intended that PlateSmart and its agents rely on the false representations.

24. PlateSmart justifiably relied on those representations in employing Lamberti to PlateSmart's detriment.

25. As a result of that reliance, PlateSmart has been damaged.

26. As a result and after due investigation, the board of directors terminated Lamberti for cause as more fully explained in Exhibit B.

WHEREFORE, PlateSmart respectfully requests that this Court enter a judgment for damages against Lamberti, grant PlateSmart costs and interest, and provide for any other relief this Court deems just.

## COUNT III: BREACH OF FIDUCIARY DUTY

27. PlateSmart re-alleges paragraphs 1 through 2, and paragraphs 4 through 7 as if set forth herein.

28. This is an action by PlateSmart against Lamberti for breach of fiduciary duty.

29. PlateSmart trusted Lamberti and gave him confidential information and the authority to act on behalf of PlateSmart, and Lamberti accepted that trust and confidence.

30. Lamberti was an employee of PlateSmart and, therefore, owed PlateSmart a duty of loyalty.

31. Lamberti breached that duty through the conduct described in Paragraph 5 above.

32. As a result of Lamberti's breaches, PlateSmart has been damaged.

33. As a result and after due investigation, the board of directors terminated Lamberti for cause as more fully explained in Exhibit B.

WHEREFORE, PlateSmart respectfully requests that this Court enter a judgment for damages against Lamberti, grant PlateSmart costs and interest, and provide for any other relief this Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael Fox Orr, Esq., mfo@dawsonorr.com and Joseph D. Pickles, Esq., jdp@dawsonorr.com this 15th day of September, 2016.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

By: /s/Caitlein J. Jammo
**DARRYL R. RICHARDS**
FBN No. 0348929
Primary: darrylr@jpfirm.com
Secondary: gwenb@jpfirm.com
**CAITLEIN J. JAMMO**
FBN No. 0105257
Primary: caitleinj@jpfirm.com
Secondary: mariannes@jpfirm.com
911 Chestnut Street
Clearwater, FL 33756
(727) 461-1818 (Telephone)
(727) 462-0465 (Facsimile)
Counsel for Defendant

3677784_1